UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT HERTULAR,

                    Petitioner,

          - against -                        **MEMORANDUM AND ORDER**

UNITED STATES OF AMERICA,                    10 Civ. 7380 (NRB)
                                             04 Cr. 009 (NRB)
                    Respondent.
----------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


     Petitioner Robert Hertular ("petitioner" or "Hertular")
brings this <u>pro se</u> petition to vacate, set aside, or correct his
sentence pursuant to 28 U.S.C. § 2255.  Petitioner claims that
this Court lacked jurisdiction to sentence him following his
conviction at trial, that his right to appeal was denied, and
that he received ineffective assistance from both his trial and
appellate counsel.  For the reasons stated herein, the petition
is denied without the necessity of a hearing.

                            **BACKGROUND**

     On March 1, 2006, petitioner, a national of Belize, was
convicted by a jury on an indictment charging four counts: (1)
conspiracy to import five kilograms or more of cocaine, (2)
distribution of five kilograms or more of cocaine, knowing that
it would be imported into the United States, (3) forcibly
impeding or intimidating a federal officer, and (4) obstruction

of justice.  On March 22, 2007, this Court sentenced petitioner to a concurrent sentence of 400 months for all four counts.

Petitioner appealed his conviction to the Second Circuit, which on April 6, 2009 affirmed his conviction on counts one, two and four, reversed the conviction on count three and remanded the case to this Court for re-sentencing.  United States v. Hertular, 562 F.3d 433, 451 (2d Cir. 2009).  As dismissing the third count did not reduce the total concurrent sentence, upon due consideration this Court imposed a 400 month sentence for petitioner on the remaining three counts on December 29, 2009.  Thereafter, petitioner filed the instant habeas petition on September 27, 2010.  The government responded on November 22, 2013 and Hertular replied on July 1, 2014.

In his opening habeas brief, Hertular alleged that his attorney's failure to file a timely appeal resulted in a denial of petitioner's Sixth Amendment right to appeal his sentence. Mem. of Fact and Law in Supp. of Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By Person In Federal Custody ("Pet's. Mem.") at 18.  In an abundance of caution and with the consent of the Government, on January 14, 2011 we vacated and then re-imposed an identical sentence to allow Hertular to file a direct appeal and cure any potential Sixth Amendment violations.  Petitioner took advantage of this

-2-

opportunity, and on January 21, 2011 filed an appeal with the Second Circuit. On January 30, 2013, the Second Circuit denied petitioner's appeal and affirmed the 400 month sentence. United States v. Hertular, 509 F. App'x. 45, 48 (2d Cir. 2013) ("Hertular II"). The Supreme Court denied petitioner's subsequent application for a writ of certiorari and on June 2, 2014 denied his motion for reconsideration. Hertular's 2010 habeas petition is now ripe for consideration.

## DISCUSSION

A district court must liberally construe the claims put forth in a pro se habeas petition. See Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008) ("[Petitioner] was acting pro se both before the district court and on this appeal, and accordingly we must read his submissions broadly so as to determine whether they raise any colorable legal claims."); Cortez v. United States, Nos. 09 CV 7220(DAB), 05 CR 55(DAB), 2011 WL 666245, at *3 (S.D.N.Y. Feb. 10, 2011) ("As [p]etitioner is pro se, his petition will be construed liberally."). Pro se motions are therefore "interpret[ed] . . . to raise the strongest arguments that they suggest." Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)) (internal quotation mark omitted). However, a habeas petitioner still "bears the burden to prove his

-3-

allegations by a preponderance of the evidence." <u>Gotti v. United States</u>, 622 F.Supp.2d 87, 91 (S.D.N.Y.2009) (citing <u>Whitaker v. Meachum</u>, 123 F.3d 714, 716 (2d Cir.1997)). With this standard in mind we now address each of petitioner's claims.[1]

## I.   Jurisdiction

Petitioner argues that because we dismissed the original and first superseding indictments against him, we therefore lack jurisdiction to sentence him. This claim is wholly without merit. Those indictments were dismissed as a routine matter when Hertular was convicted and sentenced on the second superseding indictment. <u>See also</u> <u>Hertular II</u>, 509 Fed. App'x at 47.

## II.   Denial of Appeal

As we vacated and then re-imposed petitioner's sentence to allow him the opportunity to appeal, of which he availed himself, Hertular's denial of appeal claim is now moot.

---

[1] Petitioner advances a procedural argument in his reply brief that we should discount the entirety of the government's opposition brief because it was mistakenly filed on the docket for petitioner's criminal case (04 Cr. 009 (NRB)) rather than the docket for his habeas case (10 Civ. 7380 (NRB)). This argument is meritless.

## III.   Ineffective Assistance of Counsel

The bulk of petitioner's claims are those of ineffective assistance of counsel. Eight of these nine assertions concern Hertular's trial lawyer, while the remaining claim relates to his appellate attorney.[2]

In the favorable light afforded to pro se claims, we analyze petitioner's ineffective assistance of counsel claim under the two-pronged standard of Strickland v. Washington, 466 U.S. 668 (1984); accord Harrington v. United States, 689 F.3d 124, 129 (2d Cir. 2012).   Under Strickland, a "defendant claiming ineffective assistance must (1) demonstrate that his counsel's performance 'fell below an objective standard of reasonableness' in light of 'prevailing professional norms,' and (2) 'affirmatively prove prejudice' arising from counsel's allegedly deficient representation."   United States v. Cohen, 427 F.3d 164, 167 (2d Cir. 2005) (quoting Strickland, 466 U.S. at 688, 693).   "[T]he burden rests on the accused to demonstrate a constitutional violation."   United States v. Cronic, 466 U.S. 648, 658 (1984).

---

[2] One of petitioner's ineffective assistance claims merely echoes his claim for denial of the right to appeal. As discussed supra, because we have already cured any potential prejudice from trial counsel's failure to appeal by vacating and then re-imposing petitioner's sentence, this claim is moot. Pet's. Mem. at 21.

To satisfy the "performance" prong, "the record must demonstrate that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Wilson v. Mazzuca, 570 F.3d 490, 502 (2d Cir. 2009) (quoting Strickland, 466 U.S. at 687) (internal quotation marks omitted). "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688. In carrying out this inquiry, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

To establish the second required element of prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; see also Santone v. Fisher, 689 F.3d 138, 154-55 (2d Cir 2012).

Petitioner first claims that his trial counsel failed to object when this Court, in its preliminary jury instructions for count two of the second superseding indictment, mistakenly referred to the date of May 22, 2001 when it should have referenced January of 2001. Government's Mem. in Opp. to Def. Mot. ("Gov. Mem.") at 10. Trial counsel's lack of objection was

neither a serious lapse of performance nor an issue that could conceivably change the outcome of the case.  See Strickland, 466 U.S. at 687, 694.  Furthermore, petitioner's claim that the mix-up in dates constituted a violation of an unspecified "Extradition Treaty" (presumably between the United States and Belize) is meritless.  Pet's. Mem. at 22.

Petitioner also claims that his trial lawyer failed by not requesting the handwritten notes of the government agents who served as witnesses for the prosecution.  Pet's. Mem. at 23. However, the government produced the agents' official reports and is under no obligation to preserve handwritten notes incorporated into such reports.  See United States v. Elusma, 849 F.2d 76, 79 (2d Cir. 1988) (finding that "[a]lthough the [government] agents [in that case] failed to produce their handwritten notes of interviews with potential witnesses, precedent in this circuit holds that they need not preserve such notes if the agents incorporate them into formal reports"); see also United States v. Solomonyan, 451 F. Supp. 2d 626, 649 (S.D.N.Y. 2006).  Furthermore, there is no evidence that the notes, to the extent they ever existed to be produced, would have deviated from the reports themselves which were produced to the defense and were the subject of trial testimony.  The probability that the production of the handwritten notes would

-7-

have altered the result of Hertular's trial is not high enough to undermine the confidence in the trial's outcome. <u>Strickland</u>, 466 U.S. at 694.

Next, petitioner claims that his attorney was ineffective because he did not request a specific jury instruction stating that government agents or sources – including, as relevant here, confidential DEA source Liston McCord – cannot be considered co-conspirators. Pet's. Mem. at 23-24. Given the nature of the evidence presented at trial regarding the size and scope of the conspiracy in which Hertular and many others participated, however, petitioner suffered no prejudice from the lack of the desired instruction. <u>Strickland</u>, 466 U.S. at 694.

Petitioner also claims that his attorney's stipulation to venue amounted to ineffective assistance of counsel. Pet's. Mem. at 24. However, while petitioner's attorney stipulated to the facts of petitioner's extradition, he did not stipulate to venue. In fact, Hertular's attorney requested that the Court give an instruction requiring the jury to find venue in order to convict, which request we granted. Gov. Mem. at 15. Thus, Hertular's claim is baseless.

Petitioner's claim that his attorney failed to object when the government "vouched" for one of their witnesses is also meritless. The Government merely argued in summations, as it

-8-

often does with cooperating witnesses, that the jury might find that the witness had a great incentive to tell the truth in order to avoid punishment.  Gov. Mem. at 16.  Thus, declining to object was no error.  Strickland, 466 U.S. at 687, 694.

Petitioner's penultimate claim for ineffective assistance of counsel is that his lawyer failed to call two defense witnesses, Belizean law enforcement officer Paul Wade and Hertular's brother, Hadrian Hertular.   In petitioner's view, these witnesses would have helped explain his version of events to the jury.  However, Hertular's petition itself suggests that Wade's testimony may have contributed as much or more to the government's case than to the defendant's, and Mr. Hadrian Hetrular's testimony would have likely risked self-incrimination.   Furthermore, courts afford a great deal of discretion to counsel's decisions concerning which witnesses to call and here there existed legitimate and rational reasons for counsel's decision not to call these individuals.  See Greiner v. Wells, 417 F.3d 305, 323 (2d Cir. 2005) (quoting United States v. Best, 219 F. 3d 192, 201 (2d Cir. 2000)).  Under this liberal standard, trial counsel's decisions regarding the witnesses did not constitute ineffective assistance of counsel.

Finally, petitioner contends that his attorney failed to pursue plea negotiations or inform petitioner of his rights

-9-

during the plea process.  Pet's. Mem. at 29-30.  However, as the government never offered a plea bargain to petitioner, this claim is unavailing.  Gov. Mem. at 18-19.

### A. Appellate Counsel Claims

Petitioner also asserts an ineffective assistance claim against his appellate counsel for the purported failure to appeal the first two counts of his conviction.  The sheer amount of evidence at trial, however, including petitioner's own extensive admissions, belie this strategy and Hertular's claim. Appellate counsel instead chose to appeal the third count of petitioner's conviction, which he successfully had overturned. Thus petitioner has demonstrated neither error nor prejudice. See Strickland, 466 U.S. at 687, 694.

### IV.  Right to an Evidentiary Hearing

In his petition Hertular requests an evidentiary hearing. Pursuant to 28 U.S.C. § 2255, courts must hold a hearing for habeus petitions "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  However, courts have broad discretion when deciding if a collateral attack brought pursuant to 28 U.S.C. § 2255 requires an evidentiary hearing.  Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001).  It is the

responsibility of the district court to "determine[] whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a prima facie case for relief." Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).

The record here demonstrates that petitioner cannot succeed on any of his stated grounds for relief. Accordingly, petitioner's request for a hearing is denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion is denied. This Memorandum and Order resolves Docket Number 1 of Docket 10 CV 7380, and the Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated:     New York, New York
           July 24, 2014


NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

-11-

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Karl Metzner
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

Robert Hertular
Reg. No. 52319-054
FCI-Butner 2
P.O. Box 1500
Butner, NC 27509