```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

THE UNITED STATES OF AMERICA,

           - against -                    MEMORANDUM AND ORDER

ROBERT HERTULAR,                              04 Cr. 9 (NRB)

                Defendant.

-------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is defendant Robert Hertular's ("Hertular" or "defendant") motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release. See ECF No. 92. Hertular, a national of Belize, facilitated and oversaw the importation or attempted importation of approximately six tons of cocaine into the United States. See United States v. Hertular, 562 F.3d 433, 435-37 (2d Cir. 2009). After learning that Drug Enforcement Administration ("DEA") agents were investigating his cocaine-related activities, Hertular threatened to have the narcotics organization to which he belonged hire hitmen to kill the agents if the investigation was not halted. Id. at 442.

On March 1, 2006, a jury found Hertular guilty on all four counts of the indictment: (1) conspiracy to import five kilograms or more of cocaine; (2) distribution of five kilograms or more of cocaine, knowing that it would be imported into the United States;

(3) forcibly impeding or intimidating a federal officer; and (4) obstruction of justice.  Id. at 435, 438.  On March 22, 2007, this Court sentenced defendant to an aggregate term of 400 months' imprisonment and five years' supervised release.  Id. at 438-39.

Hertular appealed his conviction.  Id. at 435.  On April 6, 2009, the Second Circuit reversed Hertular's misdemeanor conviction on Count Three, for insufficient evidence to support the jury's verdict, but affirmed his convictions on the other three counts.  Id.  Despite acknowledging that the "factual mosaic" relevant to sentencing was "little altered" by the reversal, the Second Circuit remanded the case for resentencing on Counts One, Two, and Four.  Id. at 445-46.

On remand, this Court resentenced Hertular on December 29, 2009 to 400 months' imprisonment and five years' supervised release.  ECF No. 52.  Hertular thereafter filed a timely appeal, claiming, among other things, that his sentence was unreasonable.  ECF No. 65.  On January 30, 2013, the Second Circuit by summary order rejected all of defendant's arguments and affirmed the

reasonableness of his sentence.  United States v. Hertular, 509 F. App'x 45, 48 (2d Cir. 2013).[1]

In the years since, defendant has sought to reduce his sentence on three occasions, and the Court has denied each of those requests.  See ECF Nos. 85-86, 88-89, 90-91.  On June 29, 2023, defendant filed the instant motion, seeking compassionate release pursuant to § 3582(c)(1)(A).  ECF No. 92 ("Mot.").  On August 24, 2023, the Government filed a response in opposition to defendant's motion.  ECF No. 94 ("Opp.").  Defendant is currently incarcerated at FCI Yazoo City Medium in Yazoo City, Mississippi, and has a projected release date of June 10, 2032.[2]  For the reasons that follow, defendant's motion is denied in full.

Under 18 U.S.C. § 3582(c)(1)(A), a court may "reduce the term of imprisonment" if, after considering the facts set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  A motion for compassionate release is "not an opportunity to second guess or to reconsider the sentencing court's original decision."

---

[1] On December 2, 2013, the Supreme Court denied defendant's application for a writ of certiorari and on June 2, 2014, denied his motion for reconsideration.  See Hertular v. United States, 571 U.S. 1087 (2013); Hertular v. United States, 572 U.S. 1159 (2014).
[2] See Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited January 18, 2024).

United States v. Roney, 833 F. App'x 850, 854 (2d Cir. 2020) (internal quotations omitted).  Although Hertular's motion is brought pro se and is therefore to "be construed liberally and interpreted to raise the strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations omitted), the defendant, in making the motion, bears the burden of proving "extraordinary and compelling reasons," United States v. Castelle, No. 18 Crim. 15, 2022 WL 4536798(AKH), at *1 (S.D.N.Y. Sept. 28, 2022).  Hertular's alleged extraordinary and compelling circumstances are his: (1) purported rehabilitation; (2) health risks posed by COVID-19; (3) conditions of confinement as a result of the pandemic; and (4) family circumstances.  Even taken together, these arguments do not rise to the level of extraordinary and compelling.

First, defendant argues that he has "made exceptional strides in bettering himself" while in prison, namely by completing various educational courses.  Mot. at 5.  However, defendant's educational records demonstrate that he completed the majority of his courses in just a one-month span in 2015, and that he has completed only one additional course in the eight years since.  See Opp., Ex. A. This hardly reflects a genuine effort on defendant's part to achieve meaningful rehabilitation.  And, even if it did,

"[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason [warranting compassionate release]." United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020 (quoting 28 U.S.C. § 994(t)) (emphasis omitted); accord U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13(d). Indeed, "every inmate should strive for a productive institutional record while incarcerated because that is what is expected." United States v. Saleh, No. 93 Crim. 181(WHP), 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020). Therefore, defendant cannot demonstrate that his purported rehabilitation is an extraordinary and compelling reason justifying release.

Second, defendant claims that as a 53-year-old obese man, he faces a heightened risk of COVID-19 complications. Mot. at 6. Once again, the factual record belies defendant's claim. According to defendant's medical records, defendant tested positive for COVID-19 while in custody but did not experience any complications. Gov't Opp., Ex. B.[3] Indeed, within about one week of testing positive, defendant was examined by BOP medical personnel on two occasions, and both times he denied experiencing a fever, cough, or shortness of breath. Id. at 24, 31. Having been diagnosed

---

[3] Given the sensitive personal information contained in defendant's medical records, the Government properly filed this exhibit under seal.

with COVID-19 and weathering it well, "it is plain that his risk factor has not put him in serious danger. Thus, a sentence reduction based on the risk of contracting COVID-19 no longer makes sense." United States v. Garcia, No. 19 Crim. 210(CS), 2022 WL 672758, at *1 (S.D.N.Y. Mar. 7, 2022). This is particularly so here, where defendant's medical records show that he was offered but refused the COVID-19 vaccine. Ex. B at 87; see United States v. Santos, No. 17 Crim. 388 (KMW), 2023 WL 34822, at *2 (S.D.N.Y. Jan. 4, 2023) ("[C]ourts in this district . . . have nearly uniformly denied compassionate release sought for medical reasons when defendants refuse[] the COVID-19 vaccine." (internal quotations omitted)). Furthermore, the BOP's online records indicate that, as of today, there is only one confirmed active COVID-19 cases among the 4,467 inmates at Yazoo City.[4] This data significantly undermines Hertular's suggestion that he is at an unjustifiably high risk of contracting COVID-19 or that any such risk is an extraordinary or compelling reason to release him.

Third, defendant asserts that he has experienced "harsh conditions of confinement" during the COVID-19 pandemic -- namely, lockdowns and a lack of family visitation. Mot. at 8. However,

---

[4] See Federal Bureau of Prisons, BOP COVID-19 Statistics, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited January 18, 2024).

"the conditions universally applicable to all inmates at a given facility, including conditions instituted during the pandemic, do not give rise to extraordinary and compelling circumstances." United States v. Lawrence, No. 19 Crim. 437(AKH), 2022 WL 4000904, at *3 (S.D.N.Y. Sept. 1, 2022).  "If the challenging conditions of confinement caused by the pandemic warranted a sentence reduction here, essentially every inmate who has been in BOP custody at any time since March 2020 would be entitled to a sentence reduction." United States v. Ramirez, 571 F. Supp. 3d 40, 47 (S.D.N.Y. 2021). Accordingly, Hertular's conditions of confinement as a result of the pandemic do not amount to an extraordinary and compelling reason for release.

Fourth, defendant states that his parents are "elderly and have no primary care provider." Mot. at 9.  The Court acknowledges that the need to care for one's aging parent "may, in certain circumstances, warrant a finding that an extraordinary and compelling reason exists," but "courts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions."  United States v. Lindsey, No. 13 Crim. 271(LTS), 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (citations and internal quotations omitted); see also U.S.S.G. § 1B1.13(b)(3)(C)

(stating that defendant must show that he "would be the only available caregiver for the parent").  Hertular makes no showing that he is the only available caregiver for his parents.  Instead, he merely states that his parents "are both 84 years old and suffer from conditions that come with old age" and "need assistance with daily functions such as bathing, cooking, grocery shopping and making it back and forth to doctors' appointments."  Mot. at 9-10.  Moreover, defendant has been incarcerated for nearly twenty years, during which time his parents presumably have cared for themselves or have been cared for by someone else.  See United States v. Cajigas, No. 08 Crim. 391(VM), 2020 WL 6625210, at *3 (S.D.N.Y. Nov. 11, 2020) ("Cajigas has made no showing that his fiancé is unable to care for their daughter without him, and indeed she has been doing so over the past few months, albeit with difficulty.").  Therefore, while the Court is sympathetic to Hertular's desire to care for his parents, it does not warrant relief under 18 U.S.C. § 3582(c)(1)(A).

Even if Hertular could establish an extraordinary or compelling reason, the Section 3553(a) factors weigh decidedly against a reduced sentence.  This Court has sentenced Hertular twice in this case, and the Second Circuit has affirmed the defendant's 400-month sentence.  At bottom, "the factual mosaic

underlying Hertular's convictions ha[s] not changed." Hertular, 509 F. App'x at 47. The nature and circumstances of defendant's offenses were and remain extremely serious: he conspired with others to import more than six tons of cocaine into the United States, and, among other things, threatened to kill federal agents if they did not drop their investigation against him. This factor, on its own, is sufficient to justify defendant's 400-month sentence. Indeed, in affirming the reasonableness of his sentence, the Second Circuit observed that it is "plainly severe, but [is] below the Sentencing Guidelines recommendation of life imprisonment, which resulted from Hertular's extensive drug trafficking and murderous threats against DEA agents in Belize." Id. at 48. This sentence is thus necessary to reflect the seriousness of the defendant's conduct, provide just punishment, and protect the public from defendant's further crimes. See 18 U.S.C. § 3553(a)(2)(A), (C).

Furthermore, Hertular's sentence is in line with those of similarly situated defendants. Indeed, the Second Circuit found that the sentence "is commensurate with sentences imposed on other significant drug traffickers." Hertular, 509 F. App'x at 48 (citing cases). But unlike the cases cited by the Second Circuit, where similarly lengthy sentences were imposed, this case "is

accompanied by plots to kill federal agents." Id. Therefore, there is clearly no disparity between Hertular's sentence and those of defendants with similar records who have been found guilty of similar conduct. See U.S.C. § 3553(a)(6). In sum, the Court's sentence was appropriate when issued, and it does not weigh the 3553(a) factors differently now.

Accordingly, Hertular's motion for compassionate release is denied. Because Hertular has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444 (1963).

**SO ORDERED.**

Dated:     January 18, 2024
           New York, New York

_____
    NAOMI REICE BUCHWALD
    UNITED STATES DISTRICT JUDGE