UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

UNITED STATES OF AMERICA,

      - against -

ROBERT HERTULAR,

               Defendant.

-------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**MEMORANDUM AND ORDER**

04 Cr. 9 (NRB)

    Presently before the Court is defendant Robert Hertular's ("Hertular" or "defendant") motion for compassionate release, relying exclusively on Amendment 821 to the Sentencing Guidelines. See ECF No. 96.  Hertular, a national of Belize, facilitated the importation of approximately six tons of cocaine into the United States.  See United States v. Hertular, 562 F.3d 433, 435 (2d Cir. 2009).  After learning that Drug Enforcement Administration ("DEA") agents were investigating his cocaine-related activities, Hertular threatened to have the narcotics organization to which he belonged hire hitmen to kill the agents if the investigation was not halted.  Id. at 442.

    On March 1, 2006, a jury found Hertular guilty of the four counts on which he was charged: (1) conspiracy to import five kilograms or more of cocaine; (2) distribution of five kilograms or more of cocaine, knowing that it would be imported into the

United States; (3) forcibly impeding or intimidating a federal officer; and (4) obstruction of justice.  Id. at 435.  On March 22, 2007, this Court sentenced defendant to an aggregate term of 400 months' imprisonment and five years' supervised release.  Id.

Hertular appealed his conviction.  ECF No. 35.  On April 6, 2009, the Second Circuit reversed Hertular's misdemeanor conviction on Count Three, for insufficient evidence to support the jury's verdict, but affirmed his convictions on the other three counts.  See Hertular, 562 F.3d at 451.  Although the Second Circuit recognized that the "factual mosaic" relevant to sentencing was "little altered" by the reversal, the Court was compelled to remand the case for resentencing on Counts One, Two, and Four.  Id. at 445-46.

On December 29, 2009, this Court resentenced Hertular to 400 months' imprisonment and five years' supervised release.  ECF No. 52.  Hertular thereafter filed a timely appeal, claiming, among other things, that his sentence was unreasonable.  ECF No. 65.  On January 30, 2013, the Second Circuit by summary order rejected all of defendant's arguments and affirmed the reasonableness of his

sentence.  United States v. Hertular, 509 F. App'x 45, 48 (2d Cir. 2013).[1]

In the years since, defendant has sought to reduce his sentence on four occasions.  See ECF Nos. 85, 88, 90, 92.  The Court has denied each of those requests, the most recent of these denials coming in January 18, 2024.  See ECF Nos. 86, 89, 91, 95. Defendant is currently incarcerated at FCI Yazoo City Low II in Yazoo City, Mississippi, and has a projected release date of June 10, 2032.[2]  On March 27, 2024, defendant filed the instant motion, seeking retroactive application of Amendment 821 pursuant to 18 U.S.C. § 3582(c)(2).  ECF No. 96.  For the reasons that follow, Hertular's motion is denied in full.

As noted, Hertular has filed a motion for compassionate release, solely relying on Amendment 821 to the Sentencing Guidelines.  See ECF No. 96.  Amendment 821, which went into effect on November 1, 2023 and applies retroactively, provides for a potential recalibration of a defendant's sentencing guidelines if he had zero criminal history points or if he committed the instant

---

[1] On December 2, 2013, the Supreme Court denied defendant's application for a writ of certiorari and on June 2, 2024, denied his motion for reconsideration.  See Hertular v. United States, 571 U.S. 1087 (2013); Hertular v. United States, 572 U.S. 1159 (2014).

[2] See Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited July 16, 2024).

offense while under a criminal justice sentence.  Critically, a defendant with zero criminal history must satisfy numerous additional requirements to remain eligible for Amendment 821, including that (1) he did not "use violence or credible threats of violence in connection with the offense," (2) he "did not possess, receive, purchase, transport, sell, or otherwise dispose of a firearm or other dangerous weapon . . . in connection with the offense," and (3) he did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.  U.S. Sent'g Guidelines Manual ("U.S.S.G.") §§ 4C1.1(a)(3), (7), (10)

Having considered the record in this case, the Court finds that defendant is ineligible for a sentence reduction pursuant to Amendment 821.  Although defendant had zero criminal history points, he fails to satisfy at least three of the criteria necessary to receive a sentence reduction under Amendment 821. First, it is difficult to discern how defendant could argue that he did not "use violence or credible threats of violence in connection with the offense."  Id. § 4C1.1(a)(3).  Indeed, a crucial aspect of defendant's criminal activity -- and one that the Second Circuit focused on when it affirmed the reasonableness of defendant's sentence -- was defendant's "murderous threats

-4-

against DEA agents in Belize." Hertular, 509 F. App'x at 48. While the Second Circuit reversed defendant's conviction on Count Three for forcibly impeding or intimidating a federal officer because his threats were not "likely to be inflicted immediately," the Court nonetheless held that defendant's "threats could instill an objectively reasonable fear of pain, bodily harm, or death in any United States official stationed in Belize who heard them." Hertular, 562 F.3d at 440-41 (emphasis added). If defendant's threats gave rise to an objectively reasonable fear of bodily harm or death, we have little trouble concluding that defendant's threats of violence were also "credible," rendering him ineligible for an Amendment 821 reduction. U.S.S.G. § 4C1.1(a)(3).

Second, defendant is also ineligible for a sentence reduction because he possessed a "dangerous weapon" in connection with his offenses. U.S.S.G. § 4C1.1(a)(7). In fact, because he offered a DEA informant hand grenades to "get rid of the surveilling agents," defendant received a two-point sentencing enhancement under § 2D1.1(b)(1) for possession of a dangerous weapon. Hertular, 562 F.3d at 436, 447-48. In affirming the application of that enhancement, the Second Circuit concluded that "the evidence was sufficient to support an inference that when Hertular said he could supply [the DEA informant] with grenades, defendant was not talking

-5-

idly." Id. at 448.  Therefore, defendant's possession of the hand grenade precludes application of Amendment 821.

Third, defendant is ineligible for a sentence reduction because he received a three-point role enhancement under U.S.S.G. § 3B1.1(b), which applies if a defendant "was a manager or supervisor (but not an organizer or leader)" in a criminal activity that involved "five or more participants or was otherwise extensive."  These criteria were easily met in defendant's case. Indeed, the Second Circuit found that defendant's challenge to the application of this enhancement "merit[ed] little discussion" because (1) defendant did not even dispute that the drug conspiracy for which he was found guilty involved five or more participants, and (2) "[a]mple trial evidence supported the . . . conclusion that Hertular had greater responsibility over the organization's drug operations than an average member of the conspiracy." Hertular, 562 F.3d at 448-49.  Therefore, defendant's use of credible threats of violence, his possession of a dangerous weapon, and his role enhancement under U.S.S.G. § 3B1.1(b) are independently sufficient reasons to disqualify defendant from receiving a sentence reduction under Amendment 821.  The United States Probation Department reached the same conclusion when it

-6-

issued a report finding that defendant is not eligible for a sentence reduction.  <u>See</u> ECF No. 97 at 3.

Accordingly, defendant's motion is denied.  The Clerk of Court is respectfully instructed to terminate the motion pending at ECF No. 96 and to mail a copy of this decision to Hertular (No. 52319-054) at Yazoo City Low II FCI in Yazoo City, Mississippi.

**SO ORDERED.**

Dated:    July 16, 2024
          New York, New York

_____
     NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE